```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARRY VALLEN,

                      Plaintiff,      MEMORANDUM & ORDER
                                      13-CV-6541(JS)(ARL)
        -against-

MARIE PIERRE, CHERYL DENTON, LAURA
ANTINI, DAVID WEIGHMAN, Director of
Safety Department, Pilgrim Psychiatric
Center, and GORDON MAY, Chief of
Services, Pilgrim Psychiatric Center,

                      Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Barry Vallen, pro se
                   Pilgram Psychiatric Center
                   998 Crooked Hill Road, Ward 401
                   W. Brentwood, NY 11717

For Defendants:    Theresa N. Wilson, Esq.
                   N.Y.S. Attorney General's Office
                   300 Motor Pkwy, Suite 230
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court are (1) Defendants' motion to dismiss (Docket Entry 11); and (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant in part and deny in part Defendants' motion to dismiss (Docket Entry 30.) For the following reasons, the Court ADOPTS the R&R in its entirety.

## BACKGROUND

Plaintiff Barry Vallen ("Plaintiff"), a patient at Pilgram State Psychiatric Hospital, commenced this action on

November 20, 2013, alleging that defendants Marie Pierre, Cheryl Denton, Laura Antini, and so called "7th floor administrator Jane and John Does" (collectively, "Defendants") violated his Fourth and Fourteenth Amendment rights by conducting improper searches of his room and seizing his personal property. (See Compl. at 4-8.) Plaintiff's claims are liberally construed as being brought pursuant to 42 U.S.C. § 1983.

On April 11, 2014, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry 11.) Plaintiff did not oppose Defendants' motion and, on December 15, 2014, the undersigned referred Defendants' motion to Magistrate Judge Arlene R. Lindsay to issue a R&R on whether the motion should be granted. (Docket Entry 29.) On February 17, 2015, Judge Lindsay issued her R&R recommending that the Court grant in part and deny in part Defendants' motion. (Docket Entry 30.) Specifically, Judge Lindsay recommended that Defendants' motion to dismiss be granted with regard to Plaintiff's claims for money damages against Defendants in their official capacities, but that Defendants' motion be denied with regard to (1) Plaintiff's claims for money damages against Defendants in their individual capacities, and (2) Plaintiff's claims against Defendants for injunctive relief in Defendants' official capacities. (See R&R at 16-17.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Lindsay's R&R (Docket Entry 30) is ADOPTED in its entirety and Defendants' motion to dismiss (Docket Entry 11) is GRANTED IN PART and DENIED IN PART.

Defendants' motion to dismiss is GRANTED with regard to Plaintiff's claims for money damages against Defendants in their official capacities. Plaintiff's claim for money damages against Defendants in their official capacities is therefore DISMISSED

WITH PREJUDICE. Defendants' motion is DENIED with regard to (1) Plaintiff's claims for money damages against Defendants in their individual capacities, and (2) Plaintiff's claims against Defendants for injunctive relief.  Those claims may proceed to discovery.


SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    March __23__, 2015
          Central Islip, New York