```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARRY VALLEN,

                    Plaintiff,           MEMORANDUM & ORDER
                                         13-CV-6541 (JS)(ARL)
        -against-

MARIE PIERRE, CHERYL DENTON, LAURA
ANTINI, DAVID WEIGHMAN, Director
of Safety Department, Pilgrim
Psychiatric Center, and GORDON MAY,
Chief of Services, Pilgrim
Psychiatric Center,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Barry Vallen, pro se
                    Pilgrim Psychiatric Center Hospital
                    Ward 401
                    998 Crooked Hill Road
                    W. Brentwood, NY 11717

For Defendants:     Lori L. Pack, Esq.
                    Theresa N. Wilson, Esq.
                    New York State Attorney General's Office
                    300 Motor Parkway, Suite 230
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Currently pending before the Court in this Section 1983 action are: (1) Plaintiff's motion for a temporary restraining order dated May 6, 2016 (Docket Entry 44) and (2) Plaintiff's motion for a temporary restraining order dated May 25, 2016 (Docket Entry 48). For the following reasons, Plaintiff's motions are DENIED.

BACKGROUND

Plaintiff Barry Vallen ("Plaintiff") commenced this action against Marie Pierre, Cheryl Denton, Laura Antini, Gordon May and David Weighman ("Defendants") on November 20, 2013.[1] (Compl., Docket Entry 1.) Plaintiff is a patient at Pilgrim Psychiatric Center ("Pilgrim"), and Defendants are employed by Pilgrim. The Complaint alleges that Defendants searched Plaintiff's room and confiscated his personal belongings in violation of the Fourth Amendment. (Compl. at 4-6.) On April 14, 2014, Defendants moved to dismiss the Complaint. (Mot., Docket Entry 11.) The motion was referred to Magistrate Judge Arlene R. Lindsay, who issued a Report and Recommendation (the "R&R") recommending that the motion be granted in part and denied in part. (R&R, Docket Entry 30.) Specifically, Judge Lindsay recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed, but that his claims for injunctive relief against Defendants in their official capacities and his claims for money damages against Defendants in their individual capacities proceed to discovery. (R&R at 16-17.) This Court adopted the R&R in its entirety. (Order, Docket Entry 31.)

---

[1] Gordon May and David Weighman were named in the Complaint as "Seventh Floor Administrators" and added as Defendants after they were identified. (See Ltr., Docket Entry 10; Summons, Docket Entry 12.)

On May 6, 2016, Plaintiff filed a motion seeking a temporary restraining order ("TRO"). (First Mot., Docket Entry 44.) Particularly, he seeks a TRO directing Pilgrim staff to refrain from entering his room and to cease tampering with his mail. (First Mot. at 1.) He alleges that certain correspondence was not delivered to him and that correspondence he attempted to mail was never sent out. (First Mot. at 1-2.) He further alleges that individuals entered his room, went through his drawers and closet and stole his personal belongings. (First Mot. at 2.) Defendants opposed the motion and argued that Plaintiff failed to establish that was entitled to temporary injunctive relief. (Defs.' Ltr., Docket Entry 45.) On May 13, 2016, Plaintiff supplemented his motion and reiterated his request for a TRO. (Pl.'s Ltr., Docket Entry 46.) He maintained that one of the Defendants, Cheryl Denton, entered his room and stole his property, including $25. (Pl.'s Ltr. at 1.)

On May 25, 2016, Plaintiff filed a second motion for a TRO. (Second Mot., Docket Entry 48.) Plaintiff alleges that he was on the phone complaining about a nurse when a therapy aide threatened him. (Second Mot. at 1.) He states that the aide threatened to harm him if he did not end the call and subsequently went into his room and stole his personal belongings. (Second Mot. at 1.) Additionally, Plaintiff maintains that his room is a "target of any staff that holds a grudge." (Second Mot. at 1.)

He requested that the Court hold a hearing and issue a TRO. (Second Mot. at 1.) On May 25, 2016, he filed a letter requesting a copy of the manual for pro se litigants. (Pl.'s Second Ltr., Docket Entry 49.) On June 6, 2016, he filed a supplement to his motion, alleging that one aide improperly ordered a search of his room and another aide threatened to "punch [his] head throug[h] the wall for defying him." (Pl.'s Third Ltr., Docket Entry 51.) He also repeats his earlier allegations that Cheryl Denton stole $25 from him and a therapy aide threatened him during a phone call. (Pl.'s Third Ltr.) On June 22, 2016, Plaintiff filed a letter detailing the same allegations against Cheryl Denton and requesting a hearing.[2] (Pl.'s Fourth Ltr., Docket Entry 52.)

DISCUSSION

I. Legal Standard

A party seeking a preliminary injunction must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."[3] Johnson v. Connolly, 378 F. App'x 107,

---

[2] Because Plaintiff failed to request leave to file supplemental briefs, the Court will not consider his letters at Docket Entries 51 and 52.

[3] Courts in this Circuit apply the same standard regardless of whether the parties seek a temporary restraining order or

4

108 (2d Cir. 2010) (internal quotation marks and citation omitted). Additionally, where the movant seeks a "mandatory injunction" that will "alter rather than maintain the status quo," he must satisfy the higher standard of establishing "a clear or substantial likelihood of success on the merits." Id. (internal quotation marks and citation omitted).

II. Application

As a preliminary matter, the Court must address Plaintiff's allegations of mail tampering. In his First Motion, Plaintiff requests a TRO directing Pilgrim and its employees to cease tampering with his legal and non-legal mail. (First Mot. at 1.) A patient who is committed to a psychiatric institution has a "right to the free flow of incoming and outgoing mail . . . protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Ahlers v. Rabinowitz, 684 F.3d 53, 64 (2d Cir. 2012) (applying standards set forth in Davis in civil commitment context). "[I]nference with legal mail [also] implicates a [patient's] rights to access the courts." Davis, 320 F.3d at 351.

---

preliminary injunction. See, e.g., Grandy v. BAC Home Loan Servicing, LP, No. 10-CV-4278, 2010 WL 3842428, at *2 (E.D.N.Y. Sept. 28, 2010) ("'[T]he standards which govern consideration of an application for a temporary restraining order . . . are the same as those which govern a preliminary injunction.'") (quoting Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)) (ellipsis in original).

5

However, Plaintiff's Complaint does not contain any allegations of interference with his mail. Moreover, Plaintiff did not assert a First Amendment claim. Accordingly, because these allegations are outside the scope of the claims asserted in this action, Plaintiff's motion for a TRO with respect to mail tampering is DENIED. See, e.g., Lopez v. McEwan, No. 08-CV-0678, 2009 WL 179815, at *2 (D. Conn. Jan. 23, 2009) ("Because the plaintiff's allegations and request for relief relating to grievance restrictions are unrelated to the claims in the Complaint . . . the request for injunctive relief . . . is inappropriate."); Suarez v. Keiser, No. 04-CV-6362, 2008 WL 4415197, at *2 (W.D.N.Y. Sept. 24, 2008) ("Plaintiff's application for injunctive relief must be denied, since it involves matters that are unconnected to the specific claims in this lawsuit.").

As to Plaintiff's remaining allegations, the Fourth Amendment protects the right to "be free from unreasonable searches and seizures." Ahlers, 684 F.3d at 61. In order to conduct a search, a warrant based on probable cause is usually required. See Aiken v. Nixon, 236 F. Supp. 2d 211, 230 (N.D.N.Y. 2002), aff'd, 80 F. App'x 146 (2d Cir. 2003). However, "government officials do not need a warrant or probable cause to conduct a search 'when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" Aiken, 236 F. Supp. 2d at 230-31 (quoting Griffin

v. Wisconsin, 483 U.S. 868, 873, 107 S. Ct. 3164, 3168, 97 L. Ed. 2d 709 (1987)).

A warrantless search is permissible when "it is divorced from the State's general interest in law enforcement" and "reasonable under the circumstances." Id. at 231 (internal quotation marks and citations omitted). To evaluate reasonableness, the Court must balance the interests of the individual against the interests of the state. Ahlers, 684 F.3d at 61. In Ahlers, the Second Circuit explained that in the case of individuals who are involuntarily committed, the state's interests in "order, security and treatment" must be weighed against the patient's privacy and property interests. Id.

Plaintiff's motions allege that members of Pilgrim's staff have conducted improper searches of his room and confiscated his personal belongings. The Court finds that these allegations are insufficient to warrant temporary injunctive relief. Plaintiff has not shown a "likelihood of success on the merits" on his Fourth Amendment claim or "sufficiently serious questions going to the merits" of that claim. Johnson, 378 F. App'x at 108. As an initial matter, it is unclear whether Plaintiff had a reasonable expectation of privacy.[4] Moreover, state facilities

---

[4] Several courts in this Circuit have held that patients who are involuntarily committed to psychiatric institutions do not have a reasonable expectation of privacy in their rooms. See, e.g., Lombardo v. Holanchock, No. 07-CV-8674, 2008 WL 2543573, at *8

7

such as Pilgrim have interests in order, security, and treatment which must be considered. See Ahlers, 684 F.3d at 61. Finally, Plaintiff has failed to proffer any evidence beyond his own statements in support of his application. As such, the Court declines to issue a temporary restraining order at this time.

CONCLUSION

For the foregoing reasons, Plaintiff's motions (Docket Entries 44, 48) are DENIED. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff. Further, the Pro Se Office is directed to mail a copy of the Pro Se Manual to Plaintiff pursuant to his request (See, Docket Entry 49). Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: February __14__, 2017        /s/ JOANNA SEYBERT_____
       Central Islip, New York       Joanna Seybert, U.S.D.J.

---

(S.D.N.Y. June 25, 2008) ("[A]s an involuntarily detained person, [plaintiff] has no Fourth Amendment right against searches of his cell, and thus no claim under § 1983 for the alleged violations of his Fourth Amendment rights."); Ahlers v. Bosco, No. 12-CV-0575, 2012 WL 6649191, at *3 (N.D.N.Y. Dec. 20, 2012).